## Ullman *v.* J. P. Stoltzfus Co., Appellant.

*Negligence—Elevators—Fall of elevator—Evidence — Contributory negligence—Case for jury.*

In an action against a corporation to recover damages for personal injuries, the case is for the jury, both as to the plaintiff's contributory negligence and defendant's negligence, where the evidence tends to show that the plaintiff drove a truck to the defendant's establishment to be repaired; that the truck was raised on an elevator to the second floor, and that the plaintiff went up a stairway, leading to that floor, so as to supervise the repair work to be done; that upon the completion of the repairs he assisted in rolling the car back from the elevator, but discovering that the brake of the truck had not been set he got into the car for the purpose of remedying this oversight; that before he had any opportunity to leave the elevator and descend by the stairway, the elevator, owing to some defect, suddenly dropped to the ground floor and injured him; that a short time before the date of the injury at two different times the elevator had dropped, owing to some unexplained defect; and that on the second of these occasions a warning had been given to a member of the defendant company to the effect that unless something should be done to the elevator, trouble would ensue sooner or later.

Argued Nov. 20, 1917.   Appeal, No. 54, Oct. T., 1917, by defendant, from judgment of C. P. Chester Co., Jan. T., 1913, No. 11, on verdict for plaintiff in case of Lewis R. Ullman v. J. P. Stoltzfus Company.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Trespass to recover damages for personal injuries and for injuries to an automobile.   Before BUTLER, P. J.

Verdict and judgment for plaintiff for $577.31.   Defendant appealed.

*Error assigned,* among others, was in dismissing defendants rule for judgment n. o. v.

*Walter S. Talbot,* for appellant.

*H. H. Gilkyson,* for appellee.

OPINION BY HEAD, J., July 10, 1918:

If there was evidence requiring a submission to the jury of one or more material questions of fact, the course of the trial discloses no error on the part of the learned trial judge that would warrant a judgment of reversal.

The defendant company conducted a business of repairing automobiles and probably of selling them. The machine shop, repair room, etc., were located on the second floor of the building. An elevator was maintained and operated in the building for the purpose of carrying cars from the ground floor to the repair room and returning them to the lower floor. The plaintiff was the owner of a heavy truck in which a spring had been broken and he took it to the shop of the defendant company for repairs. The truck was lifted on the elevator to the second floor and the plaintiff, being desirous of supervising the repair work to be done, passed up a stairway leading to the workshop. His evidence does not disclose that he did any forbidden or unusual thing in going there. Upon the completion of the repairs he and one or two of the employees of the defendant rolled the car upon the elevator at the second floor so that it could be lowered. The plaintiff, discovering that the brake of the truck had not been set, thought it advisable to get into the elevator and car for the purpose of remedying that oversight. He testifies that before he had any opportunity to leave the elevator and descend by the stairway, the elevator, owing to some defect, suddenly dropped to the ground floor and brought about serious injury to himself and his property. Under these circumstances we are unable to see how the learned

trial judge could have declared, as matter of law, that plaintiff had been guilty of contributory negligence.

Was there any evidence of negligence on the part of the defendant company? There was no room in the case for the application of the doctrine, res ipsa loquitur. The plaintiff, however, was able to show that twice, within a period of time not at all remote from the date of his injury, this elevator had dropped, owing to some unexplained defect. There was credible evidence that on the second of these occasions a warning had been given to a member of the defendant company, to the effect that unless something should be done to prevent what the learned trial judge styled "the escapades" of the elevator, sooner or later trouble would ensue. Under this state of facts we again reach the conclusion the learned trial judge could not have declared, as matter of law, there was no evidence from which a jury might infer the absence of care on the part of the defendant.

The two questions were submitted to the jury in a careful and impartial charge of which no just complaint can be made. The jury having found for the plaintiff and judgment having been entered on the verdict, we discover nothing in the record that would justify us in reversing the judgment. The assignments of error are overruled.

Judgment affirmed.